IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

MARIA LOVELL,                                   CASE NO.:

    Plaintiff,

v.

GUARDIAN RESTORATION, INC., and
JASON KLUSKA, Individually,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARIA LOVELL ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, GUARDIAN RESTORATION, INC., ("GUARDIAN"), and JASON KLUSKA, Individually ("KLUSKA"), (collectively "DEFENDANTS"), to recover from Defendants overtime pay as required by Fair Labor Standards Act, and the Pennsylvania Minimum Wage Act, and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's state law Pennsylvania Minimum Wage Act ("PMWA") claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's PMWA claim forms a part of the same or controversy and arises out of a common nucleus of

operative facts as the FLSA claim.

4. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants reside and regularly conduct business in this judicial district.

### PARTIES

5. At all times material hereto, Plaintiff was, and continues to be, a resident of Philadelphia County, Pennsylvania.

6. At all times material hereto, Defendant GUARDIAN was, and continues to be, engaged in business in Pennsylvania, with its principal place of business in Philadelphia County, Pennsylvania.

7. Upon information and belief, at all times material hereto, Defendant KLUSKA was an individual resident of Bucks County, Pennsylvania.

8. At all times material hereto, Defendant KLUSKA was, and continues to be, the Vice President of GUARDIAN, who managed the day-to-day operations of the business and regularly exercised the authority to: (a) hire and fire employees of GUARDIAN; (b) determine the work schedules for employees of GUARDIAN; and (c) control the finances and operations of GUARDIAN.

9. Defendant KLUSKA is an individual employer as defined by 29 U.S.C. § *et seq.* in that he acted, directly or indirectly, in the interests of GUARDIAN towards Plaintiff.

10. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA and the PMWA.

11. At all times material hereto, Defendants were Plaintiff's "employers" within the meaning of the FLSA and the PMWA.

12. At all times material hereto, Defendant GUARDIAN was, and continues to be, "an

enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA, and the PMWA.

13. Based upon information and belief, the annual gross revenue of GUARDIAN was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, desks, chairs and computers, which were used directly in furtherance of Defendants' business.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

**STATEMENT OF FACTS**

16. Defendants hired Plaintiff as a supervisor for Defendants' business on or about September 28, 2019.

17. At all times during her employment, Defendants compensated Plaintiff on an hourly basis.

18. Although Plaintiff was hired as a supervisor, she also worked as a foreman for Defendants' business.

19. Plaintiff routinely worked in excess of forty (40) hours each week. In fact, Plaintiff was often required to work between 50-60 hours each week.

20. Despite working numerous overtime hours for Defendants, from September 2019 through at least June 2021, Plaintiff was not paid any overtime premium for her overtime hours.

21. In or about March 2020, Defendants began paying Plaintiff for her overtime hours (i.e. her hours over 40 in a workweek) on a separate check.

3

22. Thus, one check would be issued to Plaintiff for hours up to forty in a workweek and a second check would be issued to Plaintiff for hours over forty in a workweek.

23. Defendants paid the hours over forty at Plaintiff's regular rate, with no overtime premiums.

24. In July 2021, Defendants began paying proper overtime, but they did not repay Plaintiff for the years of overtime premiums they owed Plaintiff.

25. Defendants also did not repay Plaintiff for the liquidated damages due on her overtime premiums under the FLSA.

26. From at least September 2019 through at least June 2021, Defendants failed and/or refused to properly compensate Plaintiff, at a rate one and one-half times her regular rate for all hours worked in excess of forty (40) hours in a single workweek.

27. From at least September 2019 through at least June 2021, Plaintiff should be compensated at the rate of one and one-half times her regular rate of pay for all hours that she worked in excess of forty (40) hours in a workweek, as required by the FLSA.

28. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

29. From at least September 2019 through at least June 2021, Defendants have violated Title 29 U.S.C. §207, in that:

    a. Plaintiff worked in excess of forty (40) hours during most weeks during her employment with Defendants; and

    b. Prior to July 2021, no payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours in a workweek, as provided by the FLSA.

30. Defendants' failure and/or refusal to properly compensate Plaintiff for all hours at the rates and amounts required by the FLSA was willful, because Defendants knew, or should have known with reasonable diligence, that they were required to pay overtime to Plaintiff for hours over forty (40). This is also evident because Defendants willfully split overtime hours into separate checks, showing that they understood that overtime hours should be treated differently from regular hours.

31. Defendants willfully separated Plaintiff's pay, in order to avoid the proper compensation over overtime premiums.

32. In addition, as of July 2021, Defendants began paying overtime to Plaintiff, showing that they understood same was due. Defendants nonetheless willfully refused to pay overtime premiums owed for prior weeks.

33. Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

34. Plaintiff re-alleges and reavers paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

35. Throughout her employment, Plaintiff worked in excess of forty (40) hours in most workweeks.

36. From at least September 2019 through at least June 2021, Plaintiff was not compensated at the statutory rate of one and one-half times her regular rate of pay for all hours in excess of forty (40) worked in each workweek.

37. From at least September 2019 through June 2021, Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours

worked in excess of forty (40) hours in a workweek.

38. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per week when they knew, or reasonably should have known, that such was, and is, due.

39. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for hours worked over forty (40) hours per week, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
### RECOVERY OF OVERTIME COMPENSATION UNDER THE PMWA

41. Plaintiff re-alleges and reavers paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

42. From at least September 2019 through at least June 2021, Plaintiff was an "employee" within the meaning of the PMWA.

43. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104(c)).

44. From at least September 2019 through at least June 2021, Defendants were subject to the requirements of the PMWA.

45. The PMWA requires that employees be paid an overtime rate of "not less than 1½ times the employee's regular rate of pay for all hours in excess of 40 hours in a workweek."

46. Plaintiff is entitled to overtime pay under the PMWA during the three years preceding the filing of this Complaint.

47. Plaintiff seeks unpaid overtime in amount equal to one and one half times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalties, and any such other legal and equitable relief as the Court deems just and proper.

48. Plaintiff also seeks to recover attorneys' fees, costs, and expenses of this action under the PMWA.

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for unpaid overtime wages under the FLSA and PMWA, liquidated damages under the FLSA, prejudgment interest under the PMWA, as well as costs, expenses and attorneys' fees, and any such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 14th day of April, 2022.

Respectfully submitted,

Angeli Murthy, Esquire
PA Bar No.: 93699
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*